Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2025-193

| JOSÉ CUEVAS ATILES, JORGE CUEVAS ATILES | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
|---|---|---|
| Peticionarios | | |
| v. | TA2025CE00592 | Caso número: F AC2016-1749 |
| EVA FELIBERTY OTERO | | Sobre: Impugnación de Declaratoria de Herederos, Daños |
| Recurrida | | |

Panel integrado por su presidenta, la juez Rivera Marchand, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece la parte peticionaria, Jorge Cuevas Atiles y José Cuevas Atiles, y nos solicita que revoquemos la resolución intitulada *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 31 de mayo de 2024, notificada el 4 de junio del mismo año. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria. En su consecuencia, ordenó la continuidad de los procedimientos, en cuanto a la causa de acción por daños y perjuicios de la reconvención instada por la parte recurrida, Eva Feliberty Otero.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* y se revoca el dictamen recurrido.

### I

El 20 de septiembre de 2016, Jorge Cuevas Atiles y José Cuevas Atiles (hermanos Cuevas Atiles o peticionarios) incoaron una *Demanda,* posteriormente enmendada, sobre impugnación de

declaratoria de herederos y daños en contra de Eva Feliberty Otero (Feliberty Otero o recurrida).[1]

Por su parte, el 29 de diciembre de 2016, Feliberty Otero presentó una *Contestación de Demanda y Reconvención*.[2] En síntesis, negó las alegaciones en su contra y levantó varias defensas afirmativas. En lo pertinente, Feliberty Otero esbozó las siguientes alegaciones en su reconvención:

1. La parte demandante ha actuado con mendacidad y temeridad al presentar la demanda de autos.
2. La parte demandante ha causado daños emocionales y pecuniarios a la Sra. Eva Feliberty Otero.
3. La parte demandante lleva varios años actuando de forma violenta e intimidante contra la Sra. Feliberty Otero. Alegación que se prueba con la sentencia de culpabilidad en el caso CR2015-0062, por infracción al articulo 178 del Código Penal de Puerto Rico y en la cual el Honorable Tribunal de Primera Instancia le impuso al demandante Jorge Cuevas Atiles seis meses de probatoria y una pena especial de cien dólares.
4. La demanda de autos no es solo, *[sic]* una prueba más de los actos torticeros en contra de la Sra. Feliberty Otero. Este es el tercer recurso que presenta sobre la misma alegada controversia.
5. La parte demandante de forma constante, sin evidencia y mendazmente[,] acusa a la Sra. Eva Feliberty Otero de mentirle al Honorable Tribunal. Alegaciones que han afectado emocionalmente a la Sra. Eva Feliberty.
6. Debido a las acciones violentas e intimidantes de la parte demandante, la Sra. Eva Feliberty Otero se tuvo que mudar de su residencia, incurriendo en gastos de compra de vivienda, cuando ella ya tiene una propiedad, solicitar préstamos personales y en gastos de mudanza.
7. Debido a las acciones de la parte demandante, al no cumplir con su responsabilidad de pagar la hipoteca de la casa en la que reside un co-demandante, la Sra. Feliberty Otero es parte de una acción de ejecución de hipoteca y de cobro de dinero.
8. Debido a las acciones de la parte demandante, la Sra. Eva Feliberty Otero ha tenido que incurrir en gastos legales.
9. Debido a las acciones de la parte demandante, la Sra. Eva Feliberty Otero ha visto afectada su salud emocional, lo que a su vez ha causado que sus relaciones interpersonales se hayan visto afectadas.
10. Los daños económicos de la Sra. Eva Feliberty Otero se estiman en $45,000[.]
11. Los daños emocionales de la Sra. Eva Feliberty Otero se estiman en $25,000[.]

Luego de varios trámites procesales, entre ellos la desestimación de la acción de epígrafe, el 26 de enero de 2024, los hermanos Cuevas Atiles instaron una *Moción de Desestimación de*

---

[1] Apéndice 1 en la Entrada Núm. 1 del Caso Núm. TA2025CE00592 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice 6 en la Entrada Núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.

*Reconvención,* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[3] En síntesis, alegaron que la acción de daños y perjuicios instada mediante reconvención, fundamentada en la presentación del caso de epígrafe, chocaba con la jurisprudencia vigente, pues no contenía circunstancias extraordinarias que conllevara la concesión de un remedio. En particular, señalaron que los planteamientos en la reconvención eran alegaciones generales sin especificidad alguna de los daños reclamados y que, al no estar relacionados con los hechos presentados en la *Demanda,* no era una reconvención compulsoria.

En respuesta, el 2 de abril de 2024, Feliberty Otero se opuso.[4] En esencia, sostuvo que la reconvención presentada era una permisible, toda vez que las partes demandadas podían instar reconvenciones que no surgieran del acto que motivó la reclamación original. De otro lado, arguyó que las alegaciones esbozadas en la referida reconvención fueron específicas en cuanto a la conducta culposa que llevó a cabo los hermanos Cuevas Atiles.

Evaluadas las posturas de las partes, el 31 de mayo de 2024, notificada el día 4 de junio del mismo año, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* que nos ocupa, mediante la cual, en lo pertinente, declaró No Ha Lugar la solicitud de desestimación promovida por los hermanos Cuevas Atiles.[5] En particular, el foro juzgador expresó que en la reconvención se presentaron alegaciones específicas que justificaban la concesión de un remedio, se presentaron los daños sufridos y existía una relación causal directa entre las presuntas actuaciones de los hermanos Cuevas Atiles y los daños alegadamente sufridos por Feliberty Otero. Indicó que las reconvenciones permisibles se autorizaban en

---

[3] Apéndice 8 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.
[4] Apéndice 9 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.
[5] Apéndice 2 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.

nuestro sistema procesal civil, en aras de evitar la multiplicidad de litigios relacionados. Por lo anterior, resolvió que no procedía la desestimación de la reconvención.

En desacuerdo, el 18 de junio de 2024, los hermanos Cuevas Atiles presentaron una *Moción de Reconsideración*,[6] a la cual Feliberty Otero se opuso.[7] Atendido lo anterior, el 4 de septiembre de 2025, notificada el 8 del mismo mes y año, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración mediante *Resolución*.[8]

Inconforme, el 6 de octubre de 2025, la parte peticionaria acudió ante esta Curia mediante el recurso de epígrafe y señaló el siguiente error:

> Erró el Tribunal de Primera Instancia, Sala de Carolina[,] al no desestimar la reconvención presentada por la parte apelada.

En cumplimiento con nuestra *Resolución* del 9 de octubre de 2025, la parte recurrida compareció mediante *Alegato en Oposición a Apelación* el 16 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de

---

[6] Apéndice 4 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.
[7] Apéndice 5 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.
[8] Apéndice 3 en la Entrada núm. 1 del Caso Núm. TA2025CE00592 en el SUMAC.

Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil,

*supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre

que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón,* 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada

en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 2024 TSPR 112, resuelto el 21 de octubre de 2024; *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro*, 2024 TSPR 93, resuelto el 20 de agosto de 2024; *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra,* el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Rivera Candela y otra v. Universal Insurance Company*, supra; *Blassino Alvarado y otro v. Reyes Blassino y otro*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267

(2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport y otros*, supra.

**C**

Sabido es que el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023). A tenor con ello, al analizar una solicitud de desestimación, los tribunales deben tener presente que la Regla 6.1 de Procedimiento

Civil, 32 LPRA Ap. V, R. 6.1, solo exige que las alegaciones contengan una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio. *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Eagle Security v. Efrón Dorado et al.*, supra.

Ahora bien, en el ámbito federal, el Tribunal Supremo de los Estados Unidos tuvo ocasión de interpretar la contraparte federal de nuestra Regla 6.1, la Regla 8(a) de Procedimiento Civil Federal, al resolver *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), y *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Por medio de los citados casos, el Alto Foro federal incorporó la plausibilidad como criterio de desestimación. Dicho parámetro exhorta a los tribunales de instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, sec. 2604, pág. 307. De esta manera, el foro sentenciador estará en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común". *Íd.* Incumplido el criterio de plausibilidad, procede desestimar la demanda e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las alegaciones conclusorias. *Íd.* Ello "persigue una mayor precisión en los hechos bien alegados para lograr una mejor definición de la controversia trabada en las alegaciones".

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como único señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia incidió al no desestimar la causa de acción de daños y perjuicios, incluida en la reconvención, promovida por la parte recurrida. Según arguye, la parte recurrida no posee una causa de acción que amerite la concesión de un remedio y que la reclamación presentada nada tiene que ver con la relación de hechos alegados en la *Demanda.* Sostiene que, al desestimarse la *Demanda,* el foro sentenciador debió desestimar de igual forma la *Reconvención.*

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable y concluimos que el foro juzgador incidió al no desestimar la causa de acción en contra de la parte peticionaria. Nos explicamos.

Según reseñáramos, la Regla 10.2 de Procedimiento Civil, *supra,* permite que la parte demandada (en este caso reconvenida) presente una moción de desestimación levantando como defensa que la demanda (aquí reconvención) incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda o reconvención y que hayan sido aseverados de manera clara y concluyente; y que de su faz no den margen a dudas. Dichas alegaciones deben contener una relación sucinta y sencilla de los hechos y la solicitud del remedio. Ello sin perder de vista el criterio de plausibilidad, el cual exhorta a eliminar de la demanda o reconvención aquellas alegaciones conclusorias que no deben presumirse como ciertas. Asimismo, tales alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante o reconviniente. La demanda o reconvención no deberá desestimarse, a menos que se

demuestre que la parte demandante o reconviniente no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. Tampoco procede la desestimación, si la demanda o reconvención es susceptible de ser enmendada.

Al evaluar las alegaciones sobre daños y perjuicios contenidas en la reconvención instada por la parte recurrida, concluimos que estas no superan los criterios establecidos en las Reglas 6.1 y 10.2(5) de Procedimiento Civil, *supra,* según discutidos previamente. La parte recurrida se limitó a esbozar conclusiones de derecho y alegaciones que no exponían los presuntos daños sufridos. Luego de entender las alegaciones esbozadas en la reconvención en cuanto a los presuntos daños, colegimos que estas carecen de especificidad que puedan dar base a una posible reclamación que justifique la concesión de un remedio. En particular, las alegaciones contenidas en la reconvención van dirigidas a molestias de la parte recurrida ante acciones legales incoadas en su contra por los peticionarios. Cabe destacar que los inconvenientes, molestias y estorbos que se pueden experimentar ante un reclamo judicial quedan fuera del alcance de la definición de daños reclamables judicialmente.

Al tomar como ciertos todos los hechos bien alegados sobre daños y perjuicios en la reconvención y aseverados de manera clara y concluyente, de la forma más favorable para la parte recurrida, no puede inferirse que la parte peticionaria incurriera en conducta que pueda justificar los remedios solicitados, sino que se trata de alegaciones conclusorias y carentes de una alegación concreta de daños. En atención a lo anterior, concluimos que el foro primario incidió al declarar No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria.

En vista de ello, se hace necesaria nuestra intervención en esta etapa de los procedimientos, pues la disposición de la determinación recurrida, además de tratarse sobre una denegatoria

de una moción dispositiva, es contraria a derecho y, el no intervenir, podría resultar en un fracaso irremediable de la justicia. Por consiguiente, y al amparo de lo dispuesto en nuestro ordenamiento jurídico, procede la expedición del auto de *certiorari* y la revocación de la *Sentencia Parcial* recurrida. En su consecuencia, procede desestimar sin perjuicio la reconvención incoada en contra de la parte peticionaria.

**IV**

Por los fundamentos que anteceden, expedimos el auto de *certiorari,* revocamos el dictamen recurrido y, en su consecuencia, desestimamos sin perjuicio la reconvención instada en contra de la parte peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Adames Soto disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones